UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2026
```

RALPHIE HAYES,

                                        Plaintiff,

                -against-

WESTCHESTER MEDICAL CENTER;
AHMAD MD, MOEED H.; KURTZ MD.,
JORDAN CHRISTOPHER,

                                        Defendants.

7:25-CV-10273 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

Plaintiff Ralphie Hayes, of the Bronx, New York, appears *pro se* and brings this action asserting claims of federal constitutional violations and seeking damages. He sues: (1) the Westchester Medical Center ("WMC"), a public hospital; (2) Moeed H. Ahmad, M.D., a physician employed at the WMC; and (3) Jordan Christopher Kurtz, M.D., another physician employed at the WMC. The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983 as well as claims under state law.

By order dated December 15, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court substitutes WMC as a named Defendant with the Westchester County Health Care Corporation ("WCHCC"), under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"). The Court directs service on Defendants WCHCC, Ahmad, and Kurtz.

**DISCUSSION**

**A.      The WMC and the WCHCC**

Under Rule 21, the Court, on its own motion, "may[,] at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-

19 (S.D.N.Y. 2015) (Marrero, D.J.) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). In *pro se* actions, courts can and have, under Rule 21, dropped an institutional defendant when it is an improper defendant and, under that same rule, substituted that dropped defendant by adding the proper institutional defendant. *Monore v. Rockland Cnty. Corr. Fac.*, No. 7:20-CV-6807 (VB), 2020 WL 5026592, at *1-2 (S.D.N.Y. Aug. 25, 2020); *see Smith v. Westchester Cnty. Jail*, No. 1:17-CV-9858 (CM), 2018 WL 11300397, at *2-3 n.2 (S.D.N.Y. Feb. 2, 2018). This reflects the intent of Rule 21. *See Truncale v. Universal Pictures Co.*, 82 F. Supp. 576, 578 (S.D.N.Y. 1949) (Kaufman, D.J.) ("In so far as [Rule 21] relates to the addition of parties, it is intended to permit the bringing in of a person who, through inadvertence, mistake or for some other reason, had not been made a party and whose presence as a party is later found necessary or desirable.").

The "WMC is owned and maintained by the [WCHCC], a public benefit corporation created" by New York State law. *Mercer v. Westchester Med. Ctr.*, No. 1:21-CV-8268 (LTS), 2021 WL 5567617, at *3 n.4 (S.D.N.Y. Nov. 29, 2021) (citing N.Y. Pub. Auth. Law §§ 3301, 3303); *see* N.Y. Pub. Auth. Law §§ 3301, 3303, 3307. The WCHCC is a suable entity. N.Y. Pub. Auth. Law § 3305(1). In addition, a hospital, such as the WMC, is not a proper defendant for the purpose of Section 1983 liability. *See Simpara v. NY DA (District Attorney)*, No. 1:24-CV-8095 (LTS), 2025 WL 2410556, at *3 (S.D.N.Y. Aug. 20, 2025); *Grazette v. City of New York*, No. 1:20-CV-0965 (ER) (SLC), 2022 WL 18958998, at *5 (S.D.N.Y. Nov. 14, 2022), *report & recommendation adopted*, 2023 WL 2403747 (S.D.N.Y. Mar. 8, 2023); *Mejía v. Davis*, No. 1:16-CV-9706 (GHW), 2018 WL 333829, at *4 (S.D.N.Y. Jan. 8, 2018).

Accordingly, the Court directs the Clerk of Court to drop the WMC as a Defendant, and to add the WCHCC as a Defendant, pursuant to Rule 21. The addition of the WCHCC as a Defendant in this action is without prejudice to any defenses the WCHCC may assert in this action.

**B.      Service on the defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the USMS to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants through the USMS, the Clerk of Court is instructed to fill out USMS Process Receipt and Return forms ("USM-285 forms") for Defendants (the WCHCC, Ahmad, and Kurtz). The Clerk of Court is further instructed to issue summonses for Defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of a summons and the complaint on each Defendant.

If summonses and the complaint are not served on Defendants within 90 days after the date that summonses for Defendants are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that summonses for Defendants be issued. The Court therefore extends the time to serve Defendants until 90 days after the date that summonses for Defendants are issued.

**CONCLUSION**

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court drops, under Rule 21 of the Federal Rules of Civil Procedure ("Rule 21"), the Westchester Medical Center as a Defendant in this action.

The Court adds, under Rule 21, the Westchester County Health Care Corporation as a Defendant in this action.

The Court also directs the Clerk of Court to: (1) issue summonses for Defendants Westchester County Health Care Corporation, Ahmad, and Kurtz; (2) complete a USM-285 form for each of those Defendants; and (3) deliver all documents necessary to effect service of a summons and the complaint on each of those Defendants to the USMS.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 13, 2026
         White Plains, New York

NELSON S. ROMÁN
United States District Judge

4

**SERVICE ADDRESSES FOR DEFENDANTS**

1.  Westchester County Health Care Corporation
    100 Woods Road
    Valhalla, New York 10595

2.  Moeed H. Ahmad, M.D.
    Westchester Medical Center
    100 Woods Road
    Valhalla, New York 10595

3.  Jordan Christopher Kurtz, M.D.
    Westchester Medical Center
    100 Woods Road
    Valhalla, New York 10595